IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERRY BOREN, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-07-526-S-BLW |
| ) | |
| vs. ) | **INITIAL REVIEW ORDER** |
| ) | |
| PAM SONNEN, DEPARTMENT OF ) | |
| CORRECTION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff's Complaint, along with a second similar Complaint, were conditionally

filed by the Clerk of Court due to Plaintiff's status as an inmate and his in forma pauperis

request.  The Court now reviews the Complaints to determine whether summary dismissal

is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  Having reviewed the record, and

otherwise being fully informed, the Court enters the following Order.

## BACKGROUND

Plaintiff has filed 23 cases in this Court.[1]  Recently, he attempted to file seven

---

[1]  CV06-328-S-EJL, *Boren v. Kempthorne* (Plaintiff sued the governor of Idaho on a
vague access to courts claim; in answer to the question in the form Complaint, "Have you filed
any previous lawsuits?" he wrote, "None of your biz," and in answer to the question of why he
has not exhausted the prison grievance system he wrote, "They lie to me so much you can take
your grievance system and stick it where it does not shine and do not use any unidentified or
foreign objects"); CV06-380-S-EJL, *Boren v. Kempthorne, et al.* (Court told Plaintiff that he
could proceed on claims that the food portions were inadequate and no lunch was served on the
weekends, but he could not proceed on claims that the food was served cold, that the vegetables
were not peeled, and that bacon, ham, eggs, and coffee were not served for breakfast; complaint

**INITIAL REVIEW ORDER  1**

was dismissed without prejudice for failure to exhaust remedies when plaintiff wrote, "You can stick your grievance system."); CV06-387-S-LMB, *Boren v. Kempthorne, et al.* (deprivation of property claim that did not arise to the level of a constitutional violation and that was duplicative of CV06-412-S-LMB); CV06-412-S-LMB, *Boren v. Kempthorne, et al.* (deprivation of property claim that did not arise to the level of a constitutional violation; an opportunity was given to amend complaint and show exhaustion of remedies where Plaintiff stated, "You can take your grievance system and stick it where it does not shine"; Plaintiff did not file an amendment); CV06-444-S-LMB, *Boren v. Kempthorne, et al.* (religious freedom case where Plaintiff was given an opportunity was given to amend complaint and show exhaustion of remedies," but he did not file an amendment); CV06-463-S-MHW, *Boren v. Kempthorne, et al.* (Plaintiff's case was dismissed for failure to state a claim where he alleged that prison correctional officers could not open his mail under a state criminal statute which prohibits unauthorized persons from opening and reading others' mail); CV07-167-S-MHW, *Boren v. Otter, et al.* (pending case regarding vague allegations of gang violence); CV07-171-S-EJL, *Boren v. Otter, et al.* (case alleging that prison officials do not supply proper bedding; the Court ordered Plaintiff to submit these allegations in an amended complaint in Case No. CV07-273-S-BLW, because of the similarity of allegations); CV07-202-S-LMB, *Boren v. Otter, et al.* (not yet reviewed; Complaint alleges that the governor, attorney general, and other employees are violating his access to the courts rights, that Gooding County will not send him transcripts and evidence, and that the paralegals will not file "legal stuff"; the attached grievance complains only that the prison will not let him file lawsuits against other prisoners, which is the same subject matter as this case, CV07-524); CV07-223-S-BLW, *Boren v. Otter, et al.* (not yet reviewed; Plaintiff alleges that the prison does not supply proper food); CV07-234-S-BLW, *Boren v. Otter, et al.* (dismissed with prejudice and issued legal strike; Plaintiff contends that the governor has violated his constitutional rights by failing to eliminate "unnecessary idleness among inmates."); CV07-255-S-BLW, *Boren v. Otter, et al.* (alleging that prison officials denied him access to legal books and copies and will not mail legal documents to the courts for him; the Court ordered him to file an amendment to provide facts; his case was dismissed when he filed no amendment); CV07-273-S-BLW, *Boren v. Otter, et al.* (Plaintiff alleges that the prison does not supply proper winter clothing; Plaintiff was ordered to file an amended complaint to name a proper defendant, not the governor; Plaintiff has not filed an amendment); CV07-286-S-BLW, *Boren v. Otter, et al.* (Plaintiff alleged that the prison failed to supply necessary hygiene items such as shampoo, toothpaste, and deodorant; this case was dismissed so that Plaintiff could bring these allegations in CV07-273-S-BLW); CV07-432-S-BLW, *Boren v. Sonnen, et al.* (allegations of failure to provide adequate food; the Court ordered Plaintiff to bring these allegations in CV07-273-S-BLW); CV07-433-S-EJL, *Boren v. Wasden, et al.* (Plaintiff alleges that food portions are inadequate and no lunch is served on the weekends, as well as the vegetables are not peeled and coffee is not served with breakfast; Plaintiff is ordered to bring the cognizable claims in CV07-273-S-BLW; the case is dismissed without prejudice); CV07-447-S-BLW, *Boren v. Gooding County, et al.* (assault and battery claim from 2003 that was filed 2 years past the statute of limitations; dismissed with prejudice); CV07-522-S-EJL, *Boren v. Wasden, et al.* (four complaints all alleging failure to provide adequate food); CV07-523-S-BLW, *Boren v. Hardison, et al.* (complaint alleging inadequate

**INITIAL REVIEW ORDER  2**

additional cases, which would have brought the total to 30 cases.  However, the Clerk of

Court consolidated the new cases according to subject matter to ease the burden of

Plaintiff's filings on the Court.  Plaintiff has previously been issued a strike pursuant to

28 U.S.C. § 1915(g) in Case No. CV07-234-S-BLW.

Plaintiff's current case consists of two access to the courts Complaints.  In each,

Plaintiff alleges only that his right to access the courts has been denied.  In his prison

grievances attached to the Complaints, Plaintiff alleges that the prison will not aid him in

filing  civil actions against other inmates.

## REVIEW OF COMPLAINTS

The Court is required to review complaints seeking relief against a governmental

entity or an officer or employee of a governmental entity to determine whether summary

dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any

portion thereof that states a claim that is frivolous or malicious, that fails to state a claim

upon which relief may be granted, or that seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim under § 1983, a

plaintiff must allege a violation of rights protected by the Constitution or created by

federal statute proximately caused by conduct of a person acting under color of state law.

---

bedding); CV07-524-S-EJL (two habeas corpus petitions alleging violations of access to courts), *Boren v. Dept. of Corrections*; CV07-525-S-BLW, *Boren v. Smith, et al.* (complaint alleging failure to provide adequate food); CV07-526-S-BLW, *Boren v. Sonnen, et al.* (this case -- two complaints alleging access to courts); and CV07-527-S-EJL, *Boren v. Smith, et al.* (two complaints alleging inadequate bedding).

**INITIAL REVIEW ORDER  3**

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).   A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

*Id*. at 1045.

An inmate has a constitutional right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977), and may recover for denial of that right in a civil rights lawsuit if he can demonstrate that an actual injury occurred as a result of the alleged denial, meaning that "a nonfrivolous legal claim has been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).  In *Lewis v. Casey*, the Court explained that the only types of cases covered by the "right to access the courts" are court actions challenging inmates' convictions and actions "under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" 518 U.S. at 355.

Plaintiff wishes to bring complaints against inmates.  Inmates are not "state actors" under § 1983, and thus, no access to courts claim lies as a result of the prison refusing to aid him in preparing such causes of action.  In addition, the Court has many times instructed Plaintiff that the Idaho Department of Correction is an inappropriate

**INITIAL REVIEW ORDER  4**

defendant.[2]  Further, it is abundantly clear from the many cases Plaintiff *has* filed that

prison officials have been consistently providing form packets, copying, notarizing

services, prison trust account reviews and statements, mailing services, and all that

Plaintiff needs to file cases that are authorized by *Lewis v. Casey.*  It is no constitutional

violation for the State not to provide the type of litigating services Plaintiff demands.

In addition, Plaintiff has filed various "access to courts" cases.  He is aware of the

standards for such a cause of action.  He has been advised to clarify the facts supporting

his claims, and has refused to do so.  *See* CV07-255-S-BLW, *Boren v. Otter, et al.*

The Court finds and concludes that Plaintiff's first Complaint in this case is

frivolous as defined by 28 U.S.C. § 1915(e)(2)(B)(i).  Therefore, the Court shall dismiss

this case with prejudice and issue Plaintiff a strike for the first Complaint.

In addition, because Plaintiff has filed not one, but two Complaints on this same

topic, the Court finds it appropriate to issue a second strike to Plaintiff because filing two

Complaints on the same frivolous topic is a malicious act under 28 U.S.C. §

1915(e)(2)(B)(i).  *See Brinson v. McKeeman*, 992 F.Supp. 897, 912 (D. Tex. 1997) ("It is

malicious per se for a pauper to file successive in forma pauperis suits that duplicate

claims made in other pending or previous lawsuits."); *Scott v. Weinberg*, 2007 WL

---

[2]  In *Hans v. Louisiana*, 134 U.S. 1 (1890), the Supreme Court held that the Eleventh
Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state.
The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to
states and state entities "regardless of the nature of the relief sought."  *See Pennhurst State Sch.
& Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

**INITIAL REVIEW ORDER  5**

963990, at *12-13 (D. Wash. 2007) (malicious suits include those that are "attempts to vex, injure, or harass the defendants," that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims," or that can be characterized as "irresponsible or harassing litigation").  It is clear that Plaintiff intended to file two different lawsuits because he submitted two in forma pauperis applications with two sets of supporting documents.  Each lawsuit shares the common defendant, Idaho Department of Correction, that is immune from suit under the Eleventh Amendment.

In addition, Plaintiff has a third pending case on the same subject matter, because he has attached the same grievances regarding not being able to sue other inmates.  *See* CV07-202-S-LMB, Boren v. Otter, et al.  If three lawsuits were not enough, he has also alleged his vague access to the courts violations in two new habeas corpus petitions.  *See* CV07-524-S-EJL (Clerk of Court filed both petitions in same action for judicial efficiency).  The Court further notes that Plaintiff requests that each Defendant in this lawsuit "pay in punitive damages 50 million in cash" and states that "the attorneys fees are 1 million for my time in this case."

Under all of these circumstances, the Court finds and concludes that Plaintiff's second Complaint is malicious, vexatious, harassing, duplicative, and abusive of the judicial process.  A third strike is issued on the second Complaint.  As a result of having three strikes, Plaintiff must follow the prefiling review procedure for any in forma pauperis civil actions he intends to file in the future.

## ORDER

**INITIAL REVIEW ORDER  6**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's two Complaints are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

IT IS FURTHER HEREBY ORDERED that Plaintiff's first Complaint is issued a strike under 28 U.S.C. § 1915(g) for being frivolous.  Plaintiff's second Complaint is issued a strike under 28 U.S.C. § 1915(g) for being a malicious filing.  Plaintiff now has three strikes.  Other than an appeal of this decision, Plaintiff shall not be entitled to file any further civil action or appeal in this Court without first paying the appropriate filing fee in full, unless he presents facts showing that he is under imminent danger of serious physical injury.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall not accept for filing any further in forma pauperis civil complaints or civil petitions from Gerry Boren. If he wishes to file such a case, he may, under this case number (CV07-526-S-BLW), file only a two-page motion presenting facts showing that he is under imminent danger of serious physical injury.  If the motion is denied, Plaintiff Gerry Boren shall not file a complaint or petition without payment of the filing fee, and the Clerk of Court shall not accept for filing a complaint or petition from Plaintiff Gerry Boren without the fee.  Any civil complaint or petition accompanied by the proper filing fee may be accepted for filing by the Clerk of Court.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for in Forma Pauperis Status (Docket No. 2) is MOOT.

**INITIAL REVIEW ORDER  7**



DATED:  **December 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER  8**